UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMIE F.,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**UNITEDHEALTHCARE INSURANCE COMPANY,**<br><br>　　　　Defendant. | Case No.: 19-CV-1111-YGR<br><br>**JUDGMENT AND ORDER AWARDING RECOVERY OF BENEFITS AND PREJUDGMENT INTEREST; GRANTING ADMINISTRATIVE MOTION TO SEAL; VACATING HEARING**<br><br>Dkt. No. 48, 49 |

Presently before the Court is plaintiff Jamie F.'s motion for entry of judgment. (Dkt. No. 48.)[1] The motion follows this Court's order granting judgment in her favor on her claim for benefits pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* against defendant UnitedHealthCare Insurance Company ("UHC"). (Dkt. No. 43.)[2]

Having considered the parties' briefing and evidence in support of and in opposition to the motion, and the record in this matter, the Court **ORDERS** as follows:

**I.    RECOVERY OF BENEFITS DUE UNDER THE PLAN**

Plaintiff first requests that an award of benefits in the amount billed by Avalon Hills for her residential treatment, $208,250.00. The Court finds that the request to pay the entire amount billed by Avalon Hills is not consistent with ERISA's terms, *i.e.*, recovery of benefits due *under the terms of the Plan*. 29 U.S.C. § 1132(a)(1)(B). As plaintiff acknowledges, out-of-network providers may bill beneficiaries for amounts not paid by the Plan. Plaintiff has not established that the Plan would have paid the full amount that Avalon Hills billed her parents had coverage not been denied improperly.

---

[1] The Court finds this motion appropriate for determination without oral argument and **VACATES** the hearing set for November 24, 2020.

[2] Plaintiff's Administrative Motion to Seal, filed October 16, 2020 (Dkt. No. 49) is **GRANTED**.

In the alternative, plaintiff requests the Court award benefits based on the cost of residential treatment that would have been agreed to under a single case agreement ("SCA") between Avalon Hills and United had it approved treatment by a non-network provider, Avalon Hills. An SCA is an agreement between a non-network provider and a United claims administrator pursuant to which the claims administrator agrees to pay a set rate for residential treatment for the individual claimant. An SCA is often requested due to the inadequacy of a provider network. United concedes that SCAs have been requested and approved for treatment at Avalon Hills. Plaintiff submits evidence of four SCAs approved by United for residential treatment at Avalon Hills during the time Jamie was in residential treatment there. The Court finds this evidence supports a finding that the $1195 daily rate in the SCAs establishes the benefits due to plaintiff under the terms of the Plan.

The Court therefore awards benefits due under the terms of the Plan in the amount of $142,205.00, based on the rate of $1195 per day for 119 days of residential treatment.

## II. PREJUDGMENT INTEREST

A district court may award prejudgment interest on an award of ERISA benefits at its discretion. *See, e.g., Dishman v. UNUM Life Ins. Co. of Am.,* 269 F.3d 974, 988 (9th Cir.2001); *Grosz–Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d 1154, 1163–64 (9th Cir.2001); *Blanton v. Anzalone,* 813 F.2d 1574, 1575 (9th Cir.1987). Generally, "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Grosz–Salomon,* 237 F.3d at 1164 (quoting *Nelson v. EG & G Energy Measurements Group, Inc.,* 37 F.3d 1384, 1391 (9th Cir.1994)). "A court may compensate a plaintiff for 'the losses he incurred as a result of [the defendant's] nonpayment of benefits.'" *Blankenship v. Liberty Life Assur. Co. of Bos.*, 486 F.3d 620, 627–28 (9th Cir. 2007) (citing *Dishman,* 269 F.3d at 988); *see also Barboza v. California Ass'n of Prof'l Firefighters*, 144 F. Supp. 3d 1151, 1158 (E.D. Cal. 2015) (awarding interest rate of 5% per annum based on evidence of interest rates paid on home equity line of credit to cover expenses while awaiting benefits payments).

Here, based on the bills from Avalon Hills for Jamie's residential treatment, a total of $208,250.00, Jamie's parents paid have paid $124,950.00 to Avalon Hills and still owe $83,300.00.

With respect to the $124,960.00 paid by her parents to Avalon, plaintiff seeks prejudgment interest at the rate of 3.5% per annum which amounts to $11,586.12 in interest. Plaintiff submits evidence that Jamie's parents paid $124,950.00 to Avalon for Jamie's treatment by withdrawing money from their investment account, and the investment account earned an average interest rate of 3.5% from between March 1, 2018 to July 31, 2020. Based on this evidence, the Court finds the requested amount of prejudgment interest on this portion of the judgment reasonable.

With respect to the remainder owed to Avalon Hills, plaintiff seeks prejudgment interest at the rate of 9% per annum, based upon the contractual interest rate set by Avalon Hills for the unpaid balance it billed Jamie's parents. Subtracting the amount Jamie's parents have paid out of pocket from the award of benefits of $142,205.00 leaves a remainder of the benefit award to be paid to Avalon from the in the amount of $17,255.00.[3] Prejudgment interest at the rate of 9% per annum on this amount equals $4,114.25. Again, based on the evidence of the contractual rate charged by Avalon Hills for the unpaid balance, the Court finds this amount of prejudgment interest with respect to this portion of the benefits award to be reasonable.

Therefore, the Court awards total prejudgment interest in the amount of $15,700.37.

### III. JUDGMENT AMOUNT

Based on the foregoing, the Court hereby enters judgment in favor of plaintiff and awards benefits in the total amount of **$142,205.00** and prejudgment interest in the amount of **$15,700.37**.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Date: **November 19, 2020**

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

---

[3] Under these calculations, the balance of the Avalon Hills billed amount would be paid out of pocket by plaintiffs, *i.e.* $65,745.00, assuming Avalon Hills does not reduce the billed amount to the SCA-derived amount awarded here by the Court.